UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-24383-CIV-GRAHAM/GOODMAN

JEAN JENSEN,

    Plaintiff,
v.

CARNIVAL CORPORATION, a
foreign corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## ORDER ON DISCOVERY HEARING

THIS CAUSE is before the Undersigned on Plaintiff's Notice of Hearing. (DE# 29.) On September 23, 2011, the Court held a discovery hearing relating to Defendant's request for a protective order regarding Plaintiff's Notice of Taking Videotaped Deposition for Trial of Dr. Jeffrey J. Laurent and Dr. Y. Michele Chelong. For the reasons below, Defendant's request for a protective order is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**.[1]

At the hearing, Defendant moved for a protective order to prevent and/or limit the depositions of the above-named treating physicians. The parties explained that these experts are currently scheduled for a trial deposition and intend to testify regarding issues such as causation, prognosis, and future

---

[1] Defendant also recently filed a related motion to strike these two treating physicians and other witnesses disclosed in Plaintiff's August 15, 2011 Supplemental Expert Witness Disclosure. (DE# 22.) The District Court did not refer the motion to strike to the Undersigned. Consequently, this order has no bearing on that motion. This order merely sets the boundaries of the depositions of these two witnesses.

1

disability. Plaintiff, however, never provided expert witness reports for these treating physicians.

Defendant contends that these witnesses are "expert witnesses" for purposes of Federal Rule of Civil Procedure 26(a)(2)(B) and therefore the Court should prevent or limit their depositions because Plaintiff did not produce expert reports. Plaintiff argues, to the contrary, that treating physicians are exempt from Rule 26(a)(2)(B)'s report requirement and, therefore, her failure to provide these reports does not generate grounds for a protective order.

Both parties provided the Court with citations to a variety of federal circuit and district court opinions at the hearing in support of their positions. But no party provided the Court with a case from either the Eleventh Circuit or any district herein that specifically addresses this question (i.e., whether a <u>treating physician may provide opinion testimony on causation, future treatment, and extent of a disability without the submission of an expert witness report</u>). Nonetheless, this Court was able to find authority from within this circuit that squarely addresses the issue presented here.

The general rule is that a treating physician **may** testify regarding injury causation, diagnosis, prognosis, and extent of disability, without providing a written report pursuant to Rule 26(a)(2)(B), <u>so long as the treating physician's opinion was formed and based upon observations made during the course of treatment</u>. *Donaldson v. United States*, No. 6:09-cv-1049-Orl-28GJK, 2011 WL 1806990, at *1 (M.D. Fla. May 11, 2011); *Odum v. Rayonier, Inc.*, No. CV204-190, 2007 WL 2002445, at *3 (S.D. Ga. July 5, 2007); *Baratta v. City of Largo*,

No. 8:01-CV-1894-T-EAJ, 2003 WL 25686843, at *2-*3 (M.D. Fla. March 18, 2003).

Consequently, it is hereby **ORDERED and ADJUDGED** that Defendant's request for a protective order is **DENIED** to the extent that the depositions of treating physicians Dr. Jeffrey J. Laurent and Dr. Y. Michele Chelong may proceed as originally noticed. Defendant's request is **GRANTED**, however, to the extent that these treating physicians may only opine as to causation, diagnosis, prognosis, extent of disability, or any other similar issue, if their opinion was formed and based upon observations made during the course of their treatment of the Plaintiff. But these two treating physicians may not testify regarding any opinion based upon facts gathered outside of the course of treatment.

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 25th day of September, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Donald Graham

All counsel of record